09-2478-cv
Zynger v. Dep't of Homeland Sec.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of March, two thousand ten.

PRESENT: REENA RAGGI,
PETER W. HALL,
*Circuit Judges*,
GREGORY W. CARMAN,[*]
*Judge*.

------------------------------------------------------------------------

MARGARET ZYNGER,

*Plaintiff-Appellant*,

v.                                                No. 09-2478-cv

DEPARTMENT OF HOMELAND SECURITY,
TRANSPORTATION SECURITY ADMINISTRATION,
WAYNE THOMAS, DEPUTY,

*Defendants-Appellees*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:        WILLIAM A. GOGEL, Agulnick & Gogel, LLC,
                                New York, New York.

APPEARING FOR APPELLEES:        JAMES  R.  CHO,  Assistant United States

------------------------------------------------------

[*] Judge Gregory W. Carman of the United States Court of International Trade, sitting by designation.

Attorney (Varuni Nelson, Assistant United States Attorney, *on the brief*), *for* Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (David G. Trager, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on May 13, 2009, is AFFIRMED.

Plaintiff Margaret Zynger, a former Transportation Security Administration ("TSA") employee fired after her random drug test returned positive for cocaine, appeals from (1) the dismissal of her claim that she was terminated in violation of the equal rights guaranteed by 42 U.S.C. § 1981, and (2) an award of summary judgment in favor of defendants on her Fifth Amendment due process challenge to her termination. We review an order of dismissal de novo, see, e.g., Jaghory v. N.Y. State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997), as we do an award of summary judgment, see, e.g., Havey v. Homebound Mortgage, Inc., 547 F.3d 158, 163 (2d Cir. 2008). In doing so, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

The district court dismissed Zynger's § 1981 claims for failure to allege that the federal defendants "acted under color of State law," 42 U.S.C. § 1981(c), or that the actions taken against her, a white woman, involved the deprivation of rights "enjoyed by white citizens," id. § 1981(a). It also dismissed, on sovereign immunity grounds, Zynger's due

2

process claims against the Department of Homeland Security, the TSA, and defendant Thomas in his official capacity. See FDIC v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Because Zynger has failed specifically to challenge these dismissals on appeal, any such argument is waived. See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998). Accordingly, we here consider only the district court's award of summary judgment to Thomas on any due process claims asserted against him in his individual capacity.

1.     Procedural Due Process

Zynger submits that defendants' pretermination procedures failed to afford her due process. Even assuming that Zynger possessed a cognizable property interest in continued public employment, we conclude as a matter of law that she was not denied procedural due process. In Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985), the Supreme Court held that a "tenured public employee is entitled to oral or written notice of the charges against h[er], an explanation of the employer's evidence, and an opportunity to present h[er] side of the story." Id. at 546. The record demonstrates that Zynger received these protections. It is undisputed that Zynger knew that she was being terminated for testing positive for cocaine and that the TSA's primary evidence against her was the result of the random drug test administered on December 13, 2006. In addition, she was given two opportunities to offer an alternative explanation for the test results, first during her meeting with the medical review officer and later during her meeting with Thomas. During both

3

meetings, Zynger raised – and defendants assessed – her concerns that the urine sample at issue may not have been hers or that a false positive may have resulted from a recent administration of lidocaine to her. Zynger may quarrel with defendants' rejection of her explanation, but no reasonable factfinder could conclude that she was denied a pretermination opportunity to be heard sufficient to permit the TSA to determine "whether there [were] reasonable grounds to believe that the charges against [Zynger were] true and support[ed] the proposed action." Id. at 545-46.

Balancing Zynger's interest in continued public employment against the government's interests, including that of promoting national security through the TSA, see Mathews v. Eldridge, 424 U.S. 319, 334-35 (1976), we are not persuaded that defendants' pretermination process was constitutionally deficient simply because defendants failed to require proof of the chain of custody of her urine sample, to provide for DNA analysis of the urine sample, or to administer blood tests to confirm the results of the urinalysis. This is particularly so given that Zynger was afforded and pursued a full, post-termination adversarial hearing in which she presented – and the TSA Disciplinary Review Board considered and rejected – her arguments that these steps were required to ensure that her urine sample had not been contaminated or confused with someone else's and that her receipt of lidocaine had not produced a false positive. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. at 545; Locurto v. Safir, 264 F.3d 154, 171 (2d Cir. 2001). We note moreover that in connection with Zynger's administrative appeal, defendants agreed to have a different laboratory

4

perform a second drug test on her December 13, 2006 urine sample, and that the second test also returned positive for cocaine. Nothing in the record indicates irregularity in the handling of Zynger's urine sample by an independent lab so as to mandate further inquiry as a matter of due process. Accordingly, this record cannot support a procedural due process claim.[2]

2.      Substantive Due Process

To the extent Zynger also invokes substantive due process, she fails meaningfully to address the claim in her brief, resulting in its likely waiver. See Norton v. Sam's Club, 145 F.3d at 117. Even if Zynger could clear this hurdle, she would not be entitled to relief on appeal.

To establish a violation of substantive due process, a plaintiff must demonstrate government action "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." County of Sacramento v. Lewis, 523 U.S. 833, 847 n.8 (1998); accord Pena v. DePrisco, 432 F.3d 98, 112 (2d Cir. 2005); Natale v. Town of Ridgefield, 170 F.3d 258, 263 (2d Cir. 1999). Zynger cannot do so here as she was terminated only after being given adequate notice of the basis for her dismissal, two pretermination opportunities to respond to the evidence against her, a post-termination hearing in which her arguments concerning the accuracy of her drug test results were evaluated on their merits, and a second

---

[2] We need not address Zynger's arguments regarding her "stigma plus" claim, as the arguments were not raised below and are therefore not properly before this court. See Baker v. Dorfman, 239 F.3d 415, 423 (2d Cir. 2000) (noting that issue not raised below ordinarily is waived).

5

independent laboratory analysis procedure. On this record, no reasonable jury could identify gross abuse of governmental authority, much less conduct that shocks the contemporary conscience.

3.    Conclusion

We have considered Zynger's remaining arguments and conclude that they are without merit.[3]  For the foregoing reasons, the May 13, 2009 judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[3] In particular, we note that Zynger has waived any claim to relief under the Administrative Procedure Act by failing to raise it below.  See Baker v. Dorfman, 239 F.3d at 423.

6